UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAKKA SIUUNG HASBERRY, | ) | CASE NO.:  1:24-cv-1489 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF SHAKER HEIGHTS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*Pro se* Plaintiff Shakka Siuung Hasberry filed this civil rights action under 42 U.S.C. § 1983 against the Defendant City of Shaker Heights, Ohio ("the City").  He contests decisions made in an eviction action in the Shaker Heights Municipal Court in August 2022.  He contends that he was deprived of property without due process and asserts claims for wrongful eviction, conversion, and violation of Ohio law regarding retention of escrow funds.  He asks this Court to declare that the Municipal Court violated his right to due process and order the return of the money he deposited in escrow.  He also seeks monetary damages.

## I.     Background

Plaintiff entered into a residential rental agreement with Montlack Holding Company, LLC ("Montlack").  *See Montlack Holding Co., LLC,* No. 22CVG00909 (Shaker Hts. Mun. Ct.). Pursuant to that agreement, Plaintiff was obligated to make monthly rent payments to Montlack in the amount of $447.50.  Plaintiff fell behind on his rent payments.  He made a payment of $447.50 on May 2, 2022; however, this payment was applied to the rent owed for January 2022. On May 20, 2022, Montlack served Plaintiff with a three-day notice of eviction.  After receiving the three-day notice, Plaintiff attempted to make rent payments to Montlack to avoid the

eviction; however, Ohio law prohibits a landlord from accepting rent after serving a three-day notice has been served.  On June 2, 2022, Plaintiff initiated a rent deposit action with the Shaker Heights Municipal Court.  *See Hasberry v. Montlack Holding Co., LLC*, No. 22CVR00011 (Shaker Hts. Mun. Ct.).  He made three rent payments to the court for June, July, and August 2022.  The court held those payments in escrow.

On June 28, 2022, Montlack filed a Complaint for Forcible Entry and Detainer and Money Damages in the Shaker Heights Municipal Court.  *See Montlack Holding Co., LLC,* No. 22CVG00909 (Shaker Hts. Mun. Ct. Aug. 15, 2022).  The court consolidated the eviction action and the release of rent cases on July 6, 2022 and set both cases for trial on August 11, 2022.  The court determined that Montlack was entitled to release of the rent held in escrow, because Plaintiff was not current in his rental obligation at the time the rent was deposited as required by Ohio law.  The court issued judgment in favor of Montlack for eviction and for monetary damages.  Monies released from escrow were applied to the past due rental balance.  Plaintiff contends that a writ of restitution was issued, and he was evicted.  He filed objections and motions to contest the decision without success.  *See Montlack Holding Co., LLC,* No. 22CVG00909 (Shaker Hts. Mun. Ct. Sept. 2, 2022), *R. & R. adopted* (Shaker Hts. Mun. Ct. Sept. 8, 2022).

Plaintiff has now brought this action in federal court challenging the decision made during the eviction.  (*See* Docs. 1, 3.)  He claims the City of Shaker Heights wrongfully evicted him and unlawfully seized funds that he paid into escrow and awarded them to Montlack.  (*Id.*)  He claims this was a denial of due process and a violation of Ohio Revised Code § 5321.07.  (*Id.*)  He also asserts claims for wrongful eviction and conversion.  (*Id.*)  He claims he lost

$50,000.00 in personal property in the eviction, as well as the loss of rent he placed into escrow. (*Id.*)  He seeks monetary damages of $1,500,000.00 and an order requiring the Defendant to return the money he placed into escrow for payment of rent.  (*Id.*)

## II.  <u>Standard</u>

The Court is required to construe Plaintiff's *pro se* complaint liberally and to hold it to a less stringent standard than one drafted by an attorney.  *Spotts v. U.S.*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520(1972)).  The Court, however, is permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the Court lacks subject matter jurisdiction over the matter.  *Id.* at 479-80; *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

## III.  <u>Analysis</u>

To the extent Plaintiff has filed this action in an attempt to relitigate questions of law and fact that were already decided by the Shaker Heights Municipal Court in 2022, the case is barred by *res judicata*.  The term "*res judicata*" means "a matter [already] judged."  BLACK'S LAW DICTIONARY (11th ed. 2019).  The doctrine of *res judicata* bars duplicative litigation based on the same event or events.  *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979).  *Res judicata* precludes a party from

3

bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-61 (6th Cir. 1990). It bars relitigating every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id*.

The doctrine of *res judicata* consists of two separate preclusion concepts: issue preclusion and claim preclusion. *Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn*., 126 F.3d 849, 852 (6th Cir. 1997). "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). "Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *Id.*

This case is barred by issue preclusion. The two issues presented here—whether Plaintiff properly deposited his rent with the court and whether Montlack was entitled to release of those funds—were litigated in the Shaker Heights Municipal Court. That court issued judgment in Montlack's favor. *See Montlack Holding Co., LLC,* No. 22CVG00909 (Shaker Hts. Mun. Ct. Sept. 2, 2022), *R. & R. adopted* (Shaker Hts. Mun. Ct. Sept. 8, 2022). The issue of whether Plaintiff was delinquent in payment of his rent, and whether that delinquency was a breach of his lease agreement was also decided by the Shaker Heights Municipal Court. *Id.* That court issued the order of eviction. *Id.* Because this Court must give full faith and credit to those judgments, *res judicata* bars relitigating those issues in federal court. *See* 28 U.S.C. § 1738.

To the extent Plaintiff is asking this Court to overturn the state-court judgment and issue judgment in his favor, the Court lacks subject matter jurisdiction to grant such a request. Under the narrow *Rooker-Feldman* doctrine, district courts may not consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine exists because only the Supreme Court may exercise appellate authority to review final state-court judgments. *Id.* at 285; *see* 28 U.S.C. § 1257; *see also Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012). *Rooker-Feldman* bars a claim when the "source of the plaintiff's injury is the state-court judgment itself." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020).

To determine whether *Rooker-Feldman* applies, courts look at the source of the injury the plaintiff alleges in the federal complaint and consider what relief the plaintiff requests; if the injury's source is not the state-court judgment, then the plaintiff's federal claim is independent of the state-court judgment and the district court has jurisdiction over the claim. *RLR Invs., LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 387-88 (6th Cir. 2021) (citing *Exxon Mobil Corp.*, 544 U.S. at 284) (quotations omitted).

Here, the source of the Plaintiff's injury appears to be the state-court judgment itself. The Plaintiff brings this action against the City of Shaker Heights, and not his landlord. (*See* Docs. 1, 3.) He claims that the court denied him due process by taking the money in escrow and awarding it Montlack. (*Id.*) Plaintiff also contends the City granted judgment in a wrongful eviction. (*Id.*) He asks this Court to declare that the City violated his Fourteenth Amendment

due process rights by entering judgment in favor of Montlack, and he asks this Court to order immediate return of the escrow funds.  (*Id.*)  This Court cannot make such a declaration regarding a state-court judgment, nor can it reverse a judgment of a state court and order return of money paid in the judgment.  *See RLR Invs., LLC*, 4 F.4th at 388 ("By asking a federal court to declare a state-court order unconstitutional and prevent its enforcement, RLR impermissibly appealed the state court's order to the federal district court.")  This Court lacks subject matter jurisdiction to grant Plaintiff that type of relief.

### IV.     <u>Conclusion</u>

For the reasons stated herein, this action is DISMISSED.  *Apple*, 183 F.3d at 479. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


Date:   November 19, 2024                                    _____

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

6